MARCUS et al. v. MAYER.

(Supreme Court, Appellate Term, First Department.   May 14, 1914.)

1. SALES (§ 358*)—ACTION FOR PRICE—EVIDENCE.

In an action for the price of goods which defendant claimed had been stolen from him, where it was admitted defendant was the only importer of those goods, evidence as to his disposition of a shipment of such goods, and as to the theft and his discovery of his loss, was admissible.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1049–1055;  Dec. Dig. § 358.*]

2. SALES (§ 21*)—ACTION FOR PRICE—DEFENSES.

Where the real owner of goods, which had been stolen, agreed to pay plaintiffs, in whose possession they were, the purchase price, plaintiffs cannot recover, for the promise is without consideration, as they had no title as against the true owner.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 33–38;  Dec. Dig. § 21.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Morris Marcus and Paul Sebrow, copartners as the Manhattan Hair Goods Company, against Milton Mayer.   From a judgment for plaintiffs, defendant appeals.   Reversed and remanded.

Argued May term, 1914, before GUY, BIJUR, and PENDLETON, JJ.

Goldsmith, Rosenthal, Mork & Baum, of New York City (Max Horowitz, of New York City, of counsel), for appellant.

M. Michael Edelstein, of New York City, for respondents.

PER CURIAM.   The defendant, a hair dealer, sent one of his employés to plaintiffs' place of business to procure a sample of hair, evidently for the purpose of comparing it with other hair then in defendant's stock, but from which stock a portion of hair had been stolen. The plaintiffs refused to allow the clerk to take a sample of hair, and thereupon the defendant instructed the clerk, over the telephone, to promise to pay for the same, which he did, and a quantity of hair was thereupon delivered to him.   Claiming that the hair thus delivered was the stolen goods, the defendant refused payment, and plaintiffs brought this action for the purchase price.

It was conceded upon the trial that the defendant was an expert in the trade, and it was uncontradicted that he was the only importer in this city of this kind of hair, and that this hair was manufactured in his own plant in Italy.

[1, 2]  The only issue litigated was the ownership of the hair.   Upon the trial, many questions put by the defendant's attorney to the defendant and his witness tending to show when defendant received this particular shipment, whether or not it was a part of a lot received by defendant from Italy, whether or not, after its receipt, defendant had ever sold or given away any portion of the same, and when he discovered his loss, were objected to by plaintiffs' counsel and excluded

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

by the court. These questions were illuminative of the question at issue, tended to identify the goods, and were material and pertinent, and it was error to exclude the answers. The court below, practically, held that, inasmuch as defendant had promised to pay for the goods and "might have received them by other methods, than agreeing to pay a price for them," he had no valid defense to the claim for the purchase price. If the goods were actually stolen and were defendant's property, the plaintiffs had no title thereto as against the real owner, no matter in what way they came into his possession, and a promise to pay therefor by the owner is without consideration.

Judgment reversed, and a new trial ordered, with costs to appellant to abide the event.